Filed 6/30/21  In re J.S. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA CHILDREN AND FAMILY SERVICES BUREAU,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.G. AND R.R.,<br><br>        Defendants and Appellants. | A160549<br><br>(Contra Costa County Super. Ct. No. J1800636) |

On July 6, 2020, the juvenile court terminated the parental rights of defendants D.G. (mother) and R.R. (father) with respect to their shared son, J.S., and ordered adoption as J.S.'s permanent plan.  (Welf. & Inst. Code, § 366.26.)  After filing notices of appeal, counsel for both mother and father filed no-issue statements pursuant to *In re Sade C.* (1996) 13 Cal.4th 952 and *In re Phoenix H.* (2009) 47 Cal.4th 835.  By separate communications, we notified mother and father that their respective counsel had filed briefs indicating there were no arguable issues on appeal, and we invited them to file supplemental letters setting forth any issues they believed should be reviewed by this court.  Father filed a letter asking to be given "another

1

chance," but identifying no error by the juvenile court.  Mother did not file a supplemental letter.

An appealed-from judgment or order is presumed correct. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.)  It is therefore an appellant's burden to raise claims of reversible error or other defect and to present argument and authority on each point made.  If an appellant fails to do so, the appeal may be dismissed.  (*In re Sade C., supra*, 13 Cal.4th at p. 994.)

While we appreciate father's statement that he loves his son and that it would be a "dream come true" to be with J.S. again, we must conclude that neither parent has made a showing that there is an arguable issue that would merit further briefing with respect to the juvenile court order on appeal.  Under such circumstances, dismissal is appropriate.  (*In re Phoenix H., supra,* 47 Cal.4th at pp. 844, 846.)

## DISPOSITION

Because no claim of error or other defect has been raised in this matter, the appeals are dismissed as abandoned.  (*In re Phoenix H., supra*, 47 Cal.4th at pp. 844–846; *In re Sade C., supra*, 13 Cal.4th at p. 994.)


BROWN, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*In re J.S.* (A160549)

2